UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PECTOL,<br><br>    Plaintiff,<br><br>v.<br><br>BRENT PECTOL,<br><br>    Defendant. | Case No. 22-cv-04657-HSG<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 1, 2 |

Plaintiff Michael Pectol, representing himself, has filed a complaint against Defendant Brent Pectol. Pending before the Court is Plaintiff's motion to proceed *in forma pauperis*. Dkt. No. 2.

## I. INTRODUCTION

The Court may authorize the commencement of a civil action *in forma pauperis* if it is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action. 28 U.S.C. § 1915(a)(1); *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Having reviewed Plaintiff's application, the Court finds that Plaintiff is unable to pay the full amount of fees, costs, or give security. *See Escobedo*, 787 F.3d at 1234 ("An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."). Nevertheless, the Court finds that the action is legally frivolous and fails to state a claim on which relief may be granted. The Court accordingly **DENIES** the motion to proceed *in forma pauperis*.

## II. LEGAL STANDARD

Section 1915(e)(2) mandates that the Court review an *in forma pauperis* complaint before directing the United States Marshal to serve the complaint. *See Escobedo*, 787 F.3d at 1234 &

n.8.  The Court must dismiss a complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1127–31 (9th Cir. 2000)).  The complaint must include a "short and plain statement," Fed. R. Civ. P. 8(a)(2), and "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).  Plaintiff must provide the grounds that entitle him to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Because Plaintiff is pro se, the Court construes the complaint liberally and affords him the benefit of any doubt.  *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").  The Court is not, however, required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

**III.   DISCUSSION**

The Court finds the complaint insufficient under 28 U.S.C. § 1915 and Federal Rule of Civil Procedure 8.  The complaint is devoid of any factual allegations, stating only that the case is "actionable in civil and criminal areas" and that judges previously assigned to his case may be "added to insurgent lists."  *See* Dkt. No. 1 at 3.  Plaintiff asserts this Court has federal question jurisdiction, but cites no federal statutory or constitutional provision.

Instead, Plaintiff references case numbers for several of his prior suits, including ones dismissed by this Court and others against the same Defendant.  *See, e.g.*, Case Nos. 18-cv-00717-HSG, 21-cv-09489-HSG, 22-cv-4604-EJD.  Plaintiff also attaches more than one hundred pages of documents without explanation, including this Court's prior orders in the referenced cases,

charging documents from Hawaii, and medical records. But Plaintiff cannot rely on attachments as a substitute for meeting the pleading requirements. Nor can Plaintiff file a new case that incorporates allegations from his prior cases by reference to evade the dismissal of those cases. This Court and others have already dismissed the referenced cases without leave to amend as frivolous and for failure to state a claim. *See, e.g.*, *Pectol v. Pectol*, No. 18-cv-00717-HSG, Dkt. No. 43; *Pectol v. Pectol*, No. 22-cv-4604-EJD, Dkt. No. 11.

To the extent Plaintiff intends to sue judges or court staff who have worked on his cases, it is "well settled that judges are generally immune from suit for money damages" for judicial acts. *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001); *see also Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987) ("Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process."). To the extent Plaintiff references criminal violations, he cannot pursue those in a civil lawsuit. *See, e.g.*, *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (affirming dismissal of claims brought under criminal provisions that "provide[d] no basis for civil liability").

In sum, even liberally construed, the complaint fails to provide the required short and plain statement containing sufficient factual matter to support a cognizable complaint. *See Brazil v. United States Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995) ("Although a pro se litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong.").

**IV.    CONCLUSION**

Though a pro se plaintiff is generally entitled to notice of the complaint's deficiencies and an opportunity to amend, the Court need not grant leave to amend where it "determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130 (quotations omitted). Here, the complaint appears to be an attempt to either revive Plaintiff's prior cases or sue court personnel for their involvement. In light of Plaintiff's several cases filed against the same Defendant, in which Plaintiff has been notified repeatedly of the requirements for filing a

sufficient complaint but has failed to do so, the Court is convinced Plaintiff cannot cure the identified defects.  The Court thus **DISMISSES** Plaintiff's complaint **WITHOUT LEAVE TO AMEND**.  The clerk is directed to enter judgment in favor of Defendant and close the case. Plaintiff's motion for restraining order is terminated as moot.  Dkt. No. 6.

**IT IS SO ORDERED.**

Dated:   12/15/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge